IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MISC. ACTION NO. 23-00012-KD

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LISA MICHELLE COLLINS, ) | |
| ) | BANKRUPTCY ACTION NO. 22-12152 |
| Debtor. ) | |
| | |
| LISA MICHELLE COLLINS, ) | |
| MICHAEL E. COLLINS, SR., and ) | |
| ESTATE OF DOROTHY WALDON ) | |
| COLLINS, ) | |
| ) | |
| Plaintiffs, ) | ADVERSARY ACTION NO. 22-1025 |
| ) | |
| vs. ) | |
| ) | |
| RUSHMORE LOAN MANAGEMENT ) | |
| SERVICES, LLC; U.S. BANK ) | |
| NATIONAL ASSOC.; LOANCARE; ) | |
| and LAKEVIEW LOAN SERVICING, ) | |
| LLC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on *sua sponte* review. This miscellaneous action began in August 2023 with the Bankruptcy Judge's Report and Recommendation to Withdraw the Reference as to the adversary action (doc. 1). In their objection to the Report and Recommendation, Plaintiffs Lisa Michelle Collins, Michael E. Collins, Sr., and Estate of Dorothy Waldon Collins reported that a settlement had been reached, and the parties were preparing a release agreement (doc. 3). On September 6, 2023, the action was stayed, and the parties were ordered to file a joint status report as to settlement (doc. 4).

Since that time, the parties have filed three status reports (docs. 5, 7, 9), dismissed Rushmore Loan Management Services, LLC (doc. 11), and Plaintiff Lisa Collins dismissed her action against LoanCare and Lakeview Loan Servicing, LLC (doc. 15).

More recently, the parties were ordered to file a joint report on or before December 20, 2024, to advise the Court as to the status of settlement and whether this action may be dismissed (doc. 16).  The parties failed to file the joint report. The Court ordered the parties to file the joint report on or before February 19, 2025 (doc. 17).  On February 12, 2025, a stipulation of dismissal was filed.  However, the stipulation was a duplicate of the stipulation Plaintiff Lisa Collins had filed in October 2024 (compare doc. 14 with doc. 18).

The Court found the stipulation moot (doc. 19). The Court explained that the action between Plaintiff Lisa Collins and Defendants LoanCare and Lakeview had been dismissed.  The Court also explained that the action remained pending between Plaintiff Lisa Collins and Defendant U.S. Bank and remained pending between Plaintiffs Michael Collins and the Collins Estate and Defendants U.S. Bank, LoanCare, and Lakeview (doc. 19).

The February 19, 2025 deadline has passed and to date, the parties have not filed the joint report as ordered.  The Court of Appeals for the Eleventh Circuit has held that the "district court may *sua sponte* dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket." Johnson v. DuBose, 806 Fed. Appx. 927, 928 n.1 (11th Cir. 2020) (citing Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005) and noting S.D. Ala. Civ. L.R. 41(c)); Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389 (1962) (Rule 41(b) does not restrict the court's inherent authority to dismiss an action *sua sponte* for failure to prosecute). Additionally, this Court's Civil Local Rule 41(c), captioned "Dismissal for Lack of Diligence", provides that "[w]henever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law." S.D. Ala. Civ. L.R. 41(c).  Also, to "employ fair procedure, a district court must generally 'provide the plaintiff with notice of its intent to dismiss or an

opportunity to respond.'" <u>Tazoe v. Airbus S.A.S.</u>, 631 F.3d 1321, 1336 (11th Cir. 2011) (citation omitted).

By this Order, notice is given that this Court intends to dismiss this action without prejudice for Plaintiffs' failure to prosecute and failure to comply with the Court's orders, in accordance with S.D. Ala. Civ. L.R. 41(c), Fed. R. Civ. P. 41(b), and the Court's inherent authority to manage its docket. Accordingly, **Plaintiffs** are given the opportunity to **show cause by Thursday, March 20, 2025,** why this action against U.S. Bank, LoanCare, and Lakeview should not be dismissed for failure to prosecute and failure to follow the Court's orders.

**If Plaintiffs do not respond to this Order, then this action shall be dismissed without prejudice on Friday, March 21, 2025, without further order.**

**DONE** and **ORDERED** this 10th day of March 2025.

>     s / Kristi K. DuBose
>     **KRISTI K. DuBOSE**
>     **UNITED STATES DISTRICT JUDGE**